United States Courts
Southern District of Texas
FILED

DEC 0 7 2004

Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON, TEXAS

| | | |
|---|---|---|
| Kehinde SABA-BAKARE,<br>   Plaintiff<br><br>v.<br><br>Tom RIDGE, Secretary<br>   Department of Homeland Security,<br><br>and<br><br>Hipolito ACOSTA,<br>   District Director,<br>   U.S. Citizenship & Immigration<br>   Services,<br>      Defendants | §§§§§§§§§§§§§§§§§§ | **H-04 4588**<br><br>Case No._____ |

# PLAINTIFF'S ORIGINAL COMPLAINT
# FOR DECLARATORY RELIEF

COMES NOW Kehinde SABA-BAKARE, Plaintiff in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

1. This action is brought against the Defendants to review adverse action taken on an application for naturalization properly filed by the Plaintiff pursuant to §316 of the Immigration and Nationality Act ("INA"), 8 U.S.C. §1427. The application was filed

PLAINTIFF'S ORIGINAL COMPLAINT    PAGE 1

with and processed by agents of the Defendants, who have improperly denied the application to Plaintiff's detriment.

## JURISDICTION

2. Jurisdiction in this case is proper under §310(c) of the INA [8 U.S.C. §1421(c)], 28 U.S.C. §§1331 and 1361, and 5 U.S.C. §701 *et seq*. Relief is requested pursuant to said statutes.

## PARTIES

3. Plaintiff Kehinde SABA-BAKARE ("Saba-Bakare") is a 47 year old male native and citizen of Nigeria. Plaintiff is a lawful permanent resident, who has resided in the United States as a lawful permanent resident since January 23, 1980. Plaintiff applied for Naturalization by filing a N-400 on September 16, 2003.

4. Defendant Tom Ridge is the Secretary of the United States Department of Homeland Security, and this action is brought against him in his official capacity. Effective March 1, 2003, the Department of Homeland Security assumed responsibility for the functions of the agency formerly known as the "Immigration and Naturalization Service." The Secretary of the Department of Homeland Security ("DHS") is now vested with "[a]ll authorities and functions of the Department of Homeland Security to administer and enforce the immigration laws." 8 CFR §2.1(a).

5. Defendant District Director of the Houston District, United States Citizenship and Immigration Services ("USCIS") is an official of the Department of Homeland Security delegated with supervisory authority over all operations of the USCIS within his District. 8 CFR §2.1(a). As will be shown, Mr. Saba-Bakare's application for naturalization was properly filed with agents of the former INS, Houston District. Those agents and their functions are now within the delegated authority of the Defendant District Director, USCIS. He is being sued in his official capacity only.

## VENUE

6. Venue is proper in this court, pursuant to 28 U.S.C. §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Defendant resides, where the Plaintiff resides, and where a substantial part of the events or omissions giving rise to Plaintiff's claim occurred. More specifically, Plaintiff's application for naturalization was properly filed with and was ultimately denied by the Houston INS District Director.

## EXHAUSTION OF REMEDIES

7. Plaintiff has exhausted all of his administrative remedies. Mr. Saba-Bakare, through his attorney, has administratively appealed the denial of his naturalization application pursuant to INA §336, 8 U.S.C. §1447. This administrative "appeal" was filed on May 6, 2004. On June 30, 2004, the aforementioned "appeal" was denied by the INS without a hearing. Thus, no further administrative proceedings are required and this

Court's jurisdiction is properly invoked pursuant to INA §§310(c), 336(b); 8 U.S.C. §§1421(c), 1447(b).

## CAUSE OF ACTION

8. Mr. Kehinde Saba-Bakare is a lawful permanent resident, who has resided in the United States as a lawful permanent resident since January 23, 1980. A Notice To Appear was issued on April 14, 2003, commencing removal proceedings against Plaintiff following a brief trip abroad.

   (a) The Notice To Appear charges that Mr. Saba-Bakare is inadmissible under §212(a)(2)(A)(i)(I) of the Immigration and Nationality Act [8 U.S.C. §1182(a)(2)(A)(i)(I)], as amended, in that the he is an alien who has been convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a crime involving moral turpitude or an attempt or conspiracy to commit such a crime.

   (b) The basis of this charge is a Texas conviction for sexual assault following a jury trial on October 24, 1990.

9. Mr. Saba-Bakare applied for Naturalization on September 15, 2003. Subsequently, his naturalization interview was set for Monday, April 5, 2004. Pending consideration of his naturalization application, Mr. Saba-Bakare had filed a motion to terminate removal proceedings pursuant to 8 CFR §1239.2(f), which authorizes the Immigration Judge to terminate proceedings to permit an application for

naturalization to proceed whenever the respondent is *prima facie* eligible for naturalization, and where the case involves "exceptionally appealing or humanitarian factors."

(a)  The regulation does NOT require the concurrence of the Immigration and Naturalization Service.

(b)  However, in 1975 and under a different statutory process for naturalization, the Board of Immigration Appeals held that neither Immigration Judges nor the BIA itself could adjudicate prima facie eligibility for naturalization, and that such a finding had to be communicated to the Immigration Court by the INS *or a court* reviewing INS action. *Matter of Cruz*, 15 I&N Dec. 236 (BIA 1975).

10.  On February 6, 2004, the Immigration Judge denied Mr. Saba-Bakare's motion to terminate. The sole reason for the denial was that Citizenship and Immigration Services ("CIS") had not confirmed Mr. Saba-Bakare's *prima facie* eligibility for naturalization. On February 8, 2004, CIS submitted a Memorandum to the Immigration Judge, arguing that his "conviction" date was actually March 14, 1991, the date his sentence was imposed by the criminal court, and that he is therefore permanently barred from establishing the required good moral character because he has a conviction for an aggravated felony after November 29, 1990. INA §101(f)(8); 8 CFR §316.10(b)(1)(ii). No other reason was given for questioning Mr.

Saba-Bakare's eligibility for naturalization, and it must therefore be assumed that he is *prima facie* eligible if his "conviction" date is before November 29, 1990.

11. Plaintiff's naturalization was eventually denied on April 5, 2004, the day after his scheduled interview, on the same grounds asserted in the earlier memorandum submitted to the Immigration Judge, *i.e.,* that Plaintiff was convicted of an aggravated felony on or after November 29, 1990 and thereby permanently barred from establishing good moral character as a matter of law. 8 CFR §316.10(b)(1)(ii).

12. Plaintiff filed a timely administrative appeal to the denial of his application for naturalization pursuant to INA §336. 8 U.S.C. §1447. Defendants did not hold a hearing on the adverse decision despite Plaintiff's request. On June 30, 2004, Defendants affirmed, without a hearing, the unfavorable decision on the N-400 application.

13. Plaintiff was and remains *prima facie* eligible for naturalization since, at the time of filing his application for naturalization:

    (a) Plaintiff speaks and understands English, is of good moral character during the period for which good moral character is required and is firmly attached to the principles of the United States Constitution. INA §316, 8 U.S.C. §1427.

    (b)    Plaintiff had been lawfully admitted to permanent residence, had resided in the United States for more than the requisite five years, and had met physical presence requirements for naturalization. *Id.*

    (c)    The grounds asserted by the INS in support of its denial –that the Plaintiff is barred from a finding of good moral character on the basis of a conviction before November 29, 1990 or continuing probation after this date- is not warranted by law and Plaintiff is eligible to naturalize. The conviction relied upon by USCIS occurred on October 24, 1990, thereby making the conviction outside the five year period for which good moral character must be shown. INA §316(a). The judgment signed by the criminal court expressly recites October 24, 1990 as the "date of judgment." The fact that the sentence was imposed on March 14, 1991, following a pre-sentence investigation and appeals on sentencing issues, does not change the fact that all of the elements of a "conviction" - as set out in INA §101(a)(48)(A) - were met on October 24, 1990.

14.    *Unless the adjudication of guilt has been withheld,* the term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court. INA §101(a)(48)(A). In the instant case, Mr. Saba-Bakare was found guilty by a jury of his peers, and a formal judgement of guilt was entered against him by the judge, on October 24, 1990. Therefore, the judgment issued by the court on October 24, 1990, falls under the aforementioned definition of a "conviction."

15. Since Plaintiff's conviction date is NOT "on or after" November 29, 1990, he is not legally and permanently precluded from demonstrating his good moral character. 8 CFR §316.10(b)(1)(ii).

    (a) All that is required is that he demonstrate good moral character for the statutory period of five years preceding his application for naturalization. INA §316(a), 8 U.S.C. §1427(a).

    (b) This period of required good moral character therefore commences in September 1998, five years prior to the filing of Plaintiff's naturalization application in September 2003 and almost eight years after Plaintiff's sole conviction in October 1990.

16. The Service incorrectly relies on Title 8 CFR 316.10(c)(1) to preclude a finding of good moral character. "An applicant who has been on probation, parole, or suspended sentence during all or part of the statutory period is not thereby precluded from establishing good moral character." 8 CFR 316.10(c)(1). The above statute allows the Defendant to consider probation served in determining good moral character, but alone it cannot preclude a finding of *prima facie* eligibility for naturalization.

17. Plaintiff contends that the decision on his naturalization application was completely arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law. Defendant has not made any attempt in determining good moral character through fact finding, instead it only espouses incorrect legal conclusions.

18. Plaintiff further contends that Defendants' conduct makes it abundantly clear that Defendants simply ignored Plaintiff's full compliance with the statutory residence requirement and they did not fairly consider his application for naturalization.

19. Plaintiff further contends that the actions of Defendants have materially harmed him the course of removal proceedings, by preventing the Immigration Judge from adjudicating his Motion to Terminate removal proceedings on its merits.

   (a) The Board of Immigration Appeals has held that an Immigration Judge cannot consider the "exceptionally appealing or humanitarian factors" presented in his case unless the INS (now CIS) *or a court* represents to the Immigration Judge that the alien is *prima facie* eligible for naturalization. *Matter of Cruz,* 15 I&N Dec. 236 (BIA 1975).

   (b) Plaintiff sincerely believes that his case presents such "exceptionally appealing or humanitarian factors" warranting termination of the removal proceedings, and that such proceedings would likely be terminated by the Immigration Judge as authorized by the regulations, but for the incorrect legal ruling by the Defendants.

### PRAYER

WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court:

(a) consider Plaintiff's naturalization application *de novo*, as authorized by INA §310(c), 8 U.S.C. §1421(c);

(b) enter an order vacating the Defendants' denial of Plaintiff's naturalization application, and declaring that Plaintiff is *prima facie* eligible for naturalization;

(c) order Plaintiff's application for naturalization remanded for further consideration by the Defendants under the correct legal standards;

(d) order that Plaintiff be awarded reasonable attorney's fees; and

(e) further order that Plaintiff be granted such other relief at law and in equity as justice may require.

Respectfully submitted,

QUAN, BURDETTE & PEREZ, P.C.

BRIAN K. BATES
Counsel for Plaintiff
Texas Bar No. 01899600
5177 Richmond Ave., Suite 800
Houston, Texas 77056
(713) 625-9229 FAX: (713) 625-9292

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Kehinde SABA-BAKARE

### DEFENDANTS
Hipolito ACOSTA
District Director, U.S. ICE,
and
Tom RIDGE, Secretary Dept. Of Homeland Security

(b) County of Residence of First Listed: **Harris**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

H-04 4588

United States Courts
Southern District of Texas
FILED
DEC 07 2004
Michael N. Milby, Clerk

(c) Attorney's (Firm Name, Address, and Telephone Number)
BRIAN K. BATES
QUAN, BURDETTE & PEREZ PC
5177 Richmond Ave. Suite 800
Houston, Texas 77056

Attorneys (If Known)
U.S. Attorney's Office
910 Travis, Suite 1500
Houston, Texas 77002

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PLT | DEF | | PLT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | 8 USC 1421 ( c ) |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

8 USC 1421 ( c ) Review of Naturalization application

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ ____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE ____
DOCKET NUMBER ____

DATE: 12/7/04
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*