IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEHINDE A. SABA-BAKARE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. H-04-4588 |
| | § | |
| TOM RIDGE, Secretary of | § | |
| Department of Homeland Security, | § | |
| and HIPOLITO ACOSTA, District | § | |
| Director U.S. Citizenship and | § | |
| Immigration Services, | § | |
| | § | |
| Respondents. | § | |

<u>ORDER</u>

Pending before the Court are Plaintiff's Motion for Summary Judgment (Document No. 10) and Respondent's Motion to Dismiss and Motion for Summary Judgment for Lack of Subject Matter Jurisdiction (Document No. 12). After considering the motions, submissions, and applicable law, the Court determines both motions should be granted in part and denied in part.

<u>BACKGROUND</u>

**Conviction**

Kehinde Saba-Bakare ("Saba-Bakare") is a Nigerian citizen. He began residing in the United States as a lawful permanent resident on February 21, 1986. On October 24, 1990, a jury convicted Saba-Bakare of sexual assault and on March 21, 1991, the

judge sentenced Saba-Bakare to a ten-year suspended sentence and placed him on probation.

**Removal Proceedings**

Sometime after his conviction, Saba-Bakare left the United States and on April 14, 2003, after he returned to the country, a notice to appear was issued charging him with being inadmissible because of his sexual assault conviction. On January 22, 2004, Saba-Bakare, pursuant to 8 C.F.R. § 1239.2(f), filed a motion to terminate the removal proceedings. On February 8, 2004, the United States Citizenship and Immigration Services ("USCIS") determined that Saba-Bakare could not establish prima facie eligibility for naturalization, as required to terminate removal proceedings under 8 C.F.R. § 1239.2(f), based on the date of Saba-Bakare's conviction. The removal proceedings are still pending.

**Application for Naturalization**

On September 15, 2003, during the pendency of the removal proceedings, Saba-Bakare filed an application for naturalization with the USCIS.[1] Despite the ongoing removal proceedings, the USCIS conducted a naturalization interview on April 5, 2004, and, on April 7, 2004, denied Saba-Bakare's application for naturalization based on,

---

[1]The application for naturalization is determined in a completely separate proceeding from the removal proceeding.

*inter alia,* the date of his conviction.  The USCIS affirmed the denial on the same grounds on June 30, 2004.

On February 15, 2005, after commencement of the instant proceeding, the USCIS informed Saba-Bakare that it lacked authority to consider his application for naturalization on April 7, 2004 because of the pending removal proceeding.  Therefore, the USCIS informed Saba-Bakare it was reopening his application.

**Instant Proceeding**

On December 7, 2004, after the denial of his application for naturalization but before his naturalization application was reopened, Saba-Bakare filed the instant action seeking *de novo* review of his naturalization application pursuant to 8 U.S.C. § 1421(c) and further seeking an order from this Court that he is prima facie eligible for naturalization.  On December 20, 2005, Saba-Bakare moved for summary judgment.  On January 13, 2006, Respondents moved to dismiss for lack of subject matter jurisdiction, and, in the alternative, filed a cross motion for summary judgment.

<u>LAW AND ANALYSIS</u>

I. Application for Naturalization

Saba-Bakare first seeks review of the denial of his application for naturalization under 8 U.S.C. § 1421(c).  Specifically, he asks the Court to vacate the denial of his naturalization application and remand his application for consideration under the proper

legal standards.  Section § 1421(c) gives district courts the authority to review the denial of a naturalization application after an applicant has exhausted administrative remedies.  *See* 8 U.S.C. § 1421(c) (2000). Section 1421(c) provides:

> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of Title 5.  Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

*Id.*

Respondents argue that the Court lacks jurisdiction to review the denial of Saba-Bakare's application for naturalization because of the pending removal proceedings. Respondents direct the Court to 8 U.S.C. § 1429, which provides, in relevant part, "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding . . . ." 8 U.S.C. § 1429 (2000). The courts that have addressed the issue of whether a court can review a denial of a naturalization application when a removal proceeding is pending have generally determined that § 1429 creates a situation wherein the removal proceeding limits the scope of a court's review, but does not entirely strip the court of jurisdiction under § 1421(c) to review the denial of the application for naturalization . *De Lara Bellajaro*

4

*v. Schiltgen,* 378 F.3d 1042, 1046 (9th Cir. 2004) (recognizing that § 1421(c) review was limited to the determination that application was denied on the basis of removal proceeding);   *Zayed v. United States,* 368 F.3d 902, 903 (6th Cir. 2004) (finding § 1429 "limit[s] the scope of judicial review and the availability of meaningful relief"); *see also  Apokarina v. Ashcroft*, 232 F. Supp.2d 414, 416 (E.D. Pa. 2002), *remanded,* 93 F. App'x. 469 (3d Cir. 2004).  As noted by the United States Court of Appeals for the Sixth Circuit in *Zayed*, "the restraints that § 1429 imposes upon the Attorney General prevent a district court from granting effective relief under § 1421(c) so long as removal proceedings are pending.  The exclusive power to naturalize aliens rests with the Attorney General . . . and § 1429 bars the use of that power while removal proceedings are pending. "  *Id.* at 906.

Here, unlike the petitioners in *De La Bellajaro* and *Zayed*, Saba-Bakare's application for naturalization was not denied because removal proceedings were pending against him.  The USCIS determined he was not eligible for naturalization because of, *inter alia,* the date of his conviction.  Nevertheless, there was, in fact, a removal proceeding pending against Saba-Bakare at the time of the denial of his application.  Section 1429 makes clear that no application shall be considered by the Attorney General while a removal proceeding is pending.  Therefore, the USCIS had no statutory authority to consider Saba-Bakare's application.  The USCIS has

attempted to remedy this error by reopening the application proceeding.  The Court agrees that vacating the denial and remanding the matter to the USCIS for reconsideration when it has statutory authority to do so is appropriate in this situation. The USCIS may consider the application after the conclusion of the removal proceedings when the § 1429 bar on considering naturalization applications has been lifted.  Saba-Bakare may again seek relief in this Court under § 1421(c) after such time as the USCIS makes a decision on his application.[2]

## II. Prima Facie Eligibility

As previously noted, the USCIS advised the immigration judge that Saba-Bakare cannot establish he is prima facie eligible for naturalization.  The USCIS determination led the immigration judge to deny the motion to terminate.  In his complaint, Saba-Bakare asks the Court to enter an order that he is prima facie eligible for naturalization so that the immigration judge may terminate the removal proceedings.  Although it appears Saba-Bakare seeks an independent determination of his prima facie eligibility from the Court, the Court will also analyze the request as a request for review of the

---

[2]Saba-Bakare has suggested that the Court could allow him to amend his complaint to add new grounds for relief. Specifically he asks that the Court allow him to proceed with a claim under 8 U.S.C. 1447(b)  because of the delay in considering his application for naturalization after conducting the examination.  However, the Court declines to grant such request because doing so would be futile at this time.  Section 1429 requires that Saba-Bakare wait until the conclusion of the removal proceeding before either the USCIS or this Court make a decision on his naturalization application.

USCIS determination that he is not prima facie eligible for naturalization.

### Independent Court Determination

Saba-Bakare's request that the Court make an independent determination of whether he is prima facie eligible for naturalization  must be examined in the context of the developments in immigration law over the past thirty years.  Title 8 C.F.R. § 1239.2(f) sets forth the procedure for an immigration judge to terminate a removal proceeding so that a naturalization proceeding can proceed.  It provides:

> An immigration judge may terminate removal proceedings to permit the alien to proceed to a final hearing on a pending application or petition for naturalization when the alien has established prima facie eligibility for naturalization and the matter involves exceptionally appealing or humanitarian factors; in every other case, the removal hearing shall be completed as promptly as possible notwithstanding the pendency of an application for naturalization during any state of the proceedings.

8 C.F.R. § 1239.2(f).  Thus, according to regulation, the immigration judge, not the USCIS, has the authority to terminate removal proceedings. *Id.*  However, in 1975 the Board of Immigration Appeals, in analyzing a regulation nearly identical to § 1239.2(f), determined that neither the Board of Immigration Appeals  nor an immigration judge has authority to make a independent determination of prima facie eligibility for naturalization. *Matter of Cruz,* 15 I. & N. Dec. 236, 237 (BIA 1975). The Board held "prima facie eligibility may be established by an affirmative communication from the Service or by a declaration of a court that the alien would be eligible for naturalization

7

but for the pendency of the deportation proceedings. . . ." *Id.*[3]  At the time the Board

decided *Cruz,* courts had authority to naturalize under § 1421(a).  However, in 1990

Congress amended § 1421, removed from the courts the power to naturalize, and

granted the Attorney General exclusive authority to naturalize aliens.  § 1421(a);

*Apokarina,* 232 F. Supp. 2d at 415-17.  Under the statute as it is currently written, it

appears that courts lack the statutory authority to make the determination envisioned

in *Cruz*.  Many of the courts that have analyzed requests to declare prima facie

eligibility after the 1990 amendment have strongly questioned the ability of Court's to

grant such requests.  *See De Lara Bellajaro,* 378 F.3d at 1047 ("We doubt that *Cruz*

remains good law given that courts no longer naturalize"); *Apokarina,* 232 F. Supp. 2d

at 417 (rejecting suggestion in *Cruz* that district courts have jurisdiction to determine

that an alien is prima facie eligible for naturalization but for the pending removal

proceeding); *cf. Gatcliffe v. Reno,* 23 F. Supp. 2d 581, 583 (D. V.I. 1998) (relying on

*Cruz*).   The fact that such procedure is contemplated by a thirty-year-old Board of

Immigration Appeals' decision does not give this Court the ability to make such a

determination.  *See De Lara Bellajaro,* 378 F.3d at 1047.  As noted by the Ninth

Circuit, such declaration "seems purely advisory . . . for discretion to prosecute and to

---

[3]The Court notes that the USCIS, in its February 8, 2004 memorandum to the immigration court, determined that Saba-Bakare cannot establish he is prima facie eligible for naturalization.

adjudicate removal proceedings is reposed exclusively in the Attorney General." *Id.*
The Court agrees and declines to issue a statement regarding Saba-Bakare's prima facie
eligibility for naturalization.

**Review of Removal Proceeding**

Based on Saba-Bakare's assertion that the Court has jurisdiction under the
Administrative Procedures Act ("APA"), 5 U.S.C §§ 701-706 (2000), the Court will
also construe his request as one to review the USCIS determination he is not prima
facie eligible for naturalization.  The Real ID Act of 2005 ("Act"), Pub.L. No. 109-13,
119 Stat 231 (codified at 8 U.S.C. § 1252) governs judicial review of removal orders.
The Act  provides that the court of appeals has exclusive jurisdiction to review orders
of removal. 8 U.S.C. § 1252(a)(5). Further, the Act provides:

> With respect to review of an order of removal under subsection (a)(1) of
> this section . . . Judicial review of all questions of law and fact, including
> interpretation and application of constitutional and statutory provisions,
> *arising from any action* brought to remove an alien from the United
> States under this subchapter shall be available *only in judicial review of
> a final order under this section*.

§ 1252(b)(9) (emphasis added).

To the extent Saba-Bakare asks the Court to review the denial of his motion to
terminate the removal proceeding, such review "arises from" the removal proceedings.
*See Humphries v. Various Fed. USINS Employees,* 164 F.3d 936, 943-44 (5th Cir.

9

1999) (discussing scope of the phrase "arising from").  Despite Saba-Bakare's attempt to frame the denial of the motion to terminate as part of the naturalization proceedings, the request to terminate undoubtedly arises from, and is inextricably intertwined with, the removal proceedings.  Moreover, the USCIS decision that Saba-Bakare is not prima facie eligible for naturalization caused the immigration judge to deny the motion to terminate the removal proceedings.  Accordingly, pursuant to the Act, any review of the denial of the motion to terminate or the USCIS determination that Saba-Bakare is not prima facie eligible for naturalization must take place in the United States Court of Appeals for the Fifth Circuit only after a final order of removal. §§ 1252(a)(5), (b)(9).  Accordingly the Court lacks jurisdiction to consider such denial.  Given the foregoing, the Court hereby

ORDERS that Plaintiff's Motion for Summary Judgment (Document No. 10) and Respondent's Motion to Dismiss and Motion for Summary Judgment for Lack of Subject Matter Jurisdiction  (Document No. 12) are GRANTED IN PART AND DENIED IN PART.  The parties' motions are GRANTED to the extent they seek an order remanding the case to the USCIS.  The USCIS decision on Saba-Bakare's application for naturalization is hereby VACATED and the application is REMANDED for reconsideration upon such time as removal proceedings are no longer pending against Saba-Bakare.  The Court further

10

ORDERS that Saba-Bakare's request that the Court issue a statement of prima facie eligibility for naturalization is DENIED.  The Court further

ORDERS that Saba-Bakare's request that the Court review the USCIS determination that he is not prima facie eligible for naturalization is DENIED because the Court lacks jurisdiction to make such determination. The Court further

ORDERS that all claims not remanded are DISMISSED.

SIGNED at Houston, Texas, on this 16th day of May, 2006.


_David Hittner_

DAVID HITTNER

United States District Judge

11